# KNOWLES' PETITION.

Since the passage of the Revised Statutes, costs follow the event of all petitions for highways and proceedings for their discontinuance; and the party upon the record who prevails, is entitled to judgment therefor. But costs are not taxed, either for or against land owners, unless their names are entered upon the docket as formal parties to the record.

Where a petition for a highway was entered against the town of N. and the town did not oppose the reference of the petition to the road commissioners, nor the acceptance of the report in favor of laying the road, but N. & P. attorneys for one C., a land owner, entered their names upon the docket as appearing generally in the case, but did not enter the name of said C., and the report, by the opposition of the attorneys, was rejected, but the town claimed no cost, — *held*, that there was no party upon the record, as the record then stood, in whose favor judgment for costs against the petitioner could be rendered. *Held*, also, that it was now in the power of the common pleas to permit the name of said C. to be entered upon the docket, and judgment rendered for costs accordingly, if under all the circumstances justice required it.

PETITION for a highway in Northfield. The petition alleged that the road was needed for the accommodation of the petitioners. Upon the entry of the petiton in the common pleas, an order was made for notice to Northfield. At the next term Nesmith and Pike entered their names upon the docket to oppose

the application; but no entry was made upon the docket of the names of the person or persons for whom they appeared. The petition was referred to the road commissioners, who laid out the highway through the land of Nancy Clough, alone. Exceptions were filed to the report, signed by Nesmith & Pike, and a case was transferred to the superior court. The case states that "the acceptance of said report was objected to, by said land owners." The superior court ordered that the report be rejected.

Nesmith and Pike had no authority to appear for Northfield, and Northfield does not claim costs. They had authority to appear for Nancy Clough, and intended to do so; but her name was never entered upon the docket. They did not intend to appear for themselves. They do not live in Northfield, nor do they own property therein.

At the next succeeding term of the common pleas the petitioner elected to have his petition dismissed. Nesmith & Pike moved that a judgment for costs be rendered against the petitioner, either in the name of Nancy Clough, or in that of Northfield, or in that of Nesmith & Pike.

The questions arising upon the motion were assigned to this court for determination.

*Nesmith & Pike*, in support of the motion, argued as follows:

1. In proceedings of this kind the entry is usually made on the clerk's docket, before notice has been given either to the town or land owners, and of course before either is a party to the proceedings. The original entry is not changed after this, whoever may have been notified or appears.

2. Land holders may and are nevertheless parties to the record, though their names may not be on the clerk's docket as appearing in the proceedings. The commissioners must notify land owners. Rev. Stat., chap. 51, § 2. They must certify the names of land owners, whose land has been taken, and to whom notice has been given, as a part of their report. Rev. Stat., chap. 51, § 5. The land owner is thus made a party to the record, and becomes such. He has an interest, and his

interest is directly opposed to that of the petitioner. This is true in this case particularly, as the case finds that the road was needed for the accommodation of the petitioner. The petitioner and land owner, Nancy Clough, are adverse parties.

3. The successful party is entitled to recover costs in every action or petition, unless otherwise directed by law. Rev. Stat., chap. 191, § 1. Nancy Clough, then, being a party to the record, and the successful one, is entitled to costs in her name. If this be not so, then a judgment may be rendered for North-field as a nominal party.

The kind of appearance made in this case is the common one. The files and records of the court explain who are the interested parties.

*Cate & Rogers*, for the petitioner.

1. The petitioner claims that costs are taxable to no one in this case, even if there was a party in court to recover costs; for this is not an ordinary civil suit commenced by writ. The statute giving costs to the prevailing party does not reach this case. *Hampshire & Hampden Canal Co.* v. *Ashley*, 15 Pick. Rep., 496; *Jones* v. *Hacker*, 5 Mass. Rep., 264.

The court of common pleas have no authority to allow cost when the report is rejected. The rejection of the report determines the power of the court. *Jones* v. *Hacker*, 5 Mass. Rep., 264.

The policy of the law is against giving cost unless especially given by statute. *Arms* v. *Lyman*, 5 Pick. Rep., 210; *Williams* v. *Blunt*, 2 Mass. Rep., 207; *Thomas* v. *White*, 12 Mass. Rep., 367.

2. There is no party in court to receive costs, or who can now be permitted to come in and take costs if costs were taxable. Nancy Clough is not a party to the record, and has in no way made herself a party to the suit. She has avoided the responsibility of a party, and in keeping herself free from the liability to pay cost has deprived herself (if she otherwise had it) of the right to take cost for herself. She should not now be permitted to come into court and become a party for the purpose of taking

costs, through a suit in which she has not been and could not be made liable to pay costs. Northfield made no appearance and claims no cost, and the motion for cost to Northfield should not be heard. Nesmith & Pike cannot be permitted to come in and take costs in their own name, because they have no client entitled to cost. They appeared for some one not known in the case, and not for themselves. They could not have appeared for themselves so as to be entitled to costs, if they had intended to have done so ; for the case shows that they have no kind of interest in the petition.

· 3. If costs were taxable, to what amount? The report being in favor of the petitioner carries costs to him, if to any one, up to the time of its rejection. No cost could be allowed since the rejection of the report. *Reed* v. *Reed*, 9 Mass. Rep., 372.

EASTMAN, J. The statute provides that costs shall follow the event of every action or petition, unless otherwise directed by law or by the court. Rev. Stat., chap. 191, § 1. There is no provision of law prohibiting the taxation of costs, in proceedings relative to highways, and the court have not, as yet, discovered any good reason why this class of litigation should be distinguished, in this respect, from ordinary suits. Upon petitions for highways and proceedings for their discontinuance, the party to the record who succeeds is entitled to costs. The practice since the passage of the Revised Statutes has, as we believe, been uniform in this respect.

This petitioner has failed in his application, and costs must be taxed against him, if there is any party to the record in whose favor judgment for costs can properly be rendered. The entry of the petition was against the town of Northfield. The town did not see fit to oppose the petition, and, according to the usual practice, it was referred to the road commissioners. The report being in favor of laying out the road, costs would have been taxed against the town if the report had been accepted. But Nesmith & Pike appearing generally upon the docket, yet, as appears by the case, in behalf of Nancy Clough, a land

owner, and not for the town, succeeded in having the report rejected, and now claim costs as the prevailing party.

Land owners are not, according to the general acceptation of the term, parties to the record. Their names do not in any way become connected with the proceedings, until after the petition is referred to the road commissioners. They are then notified to appear before the commissioners, if it is supposed that the contemplated route will pass over their land ; and if the commissioners shall lay the road over their land, their names appear in the report. Until the return of the report they do not appear upon any of the papers used in court. After the report is returned the practice has been to permit them to oppose its acceptance ; but costs are not taxed against them, unless their names have been entered upon the docket as parties antagonistic to the petitioners. Towns not unfrequently oppose the acceptance of reports, relying upon exceptions growing out of irregular and illegal proceedings towards the land owners ; and executions go against the towns if they fail in their opposition. But executions cannot go against the land owners, unless their names are upon the docket, so as to become formal parties to the record.

By the same rule, costs cannot be taxed in favor of land owners who may oppose and succeed, unless they place their names upon the docket and become regular parties to the controversy. They cannot have the privilege of taking costs without having placed themselves in a position to be liable for their payment in case of failure to succeed. The rule must be held to operate both ways.

Northfield, the defendant upon the record, claims no costs ; and Nesmith and Pike, having no authority to appear for the town, and having obtained no leave of the court to defend for Nancy Clough, in the name of the town, and no right to appear for themselves, cannot enter up judgment in the name of Northfield, or in their own names. Nancy Clough's name is not upon the docket, and, upon the principles above laid down, no judgment can be made up in her favor, as the record now stands.

It is within the discretion of the common pleas to permit her name to be now entered upon the docket, and to have judgment

rendered in her favor for costs, if in their opinion, under all the circumstances, justice requires it. As the record now stands, no judgment for costs can be rendered against the petitioner.

*Motion denied.*